672

## HAZELTINE CORPORATION v. ZENITH RADIO CORPORATION.

### No. 15202.

District Court, N. D. Illinois, E. D.
July 12, 1939.

Williams, Bradbury, McCaleb & Hinkle and E. H. McDermott, all of Chicago, Ill., for plaintiff.

Montgomery, Hart, Pritchard & Herriott, of Chicago, Ill., for defendant.

HOLLY, District Judge.

Plaintiff filed its complaint herein charging defendant with infringing certain of its patents. Defendant filed its answer setting up a contract under which, it claimed, it was entitled to a non-exclusive license from plaintiff permitting it to manufacture under the license, and a counterclaim. A decree was entered herein February 2, 1937, finding that defendant was entitled to a license as claimed by it, that in its manufacturing operations it was an equitable licensee, that there were royalties due plaintiff from defendant and that, in determining the amount of royalties, defendant should be required to pay on the same basis as those who made lump sum settlements.

The Circuit Court of Appeals, 7 Cir., 100 F.2d 10, reversed the decree of this Court with respect to this provision concerning the basis for determining the royalty. Thereafter and following the filing of the mandate, a decree was entered by this Court referring the cause to Millard C. Eiseman as Master to determine the amount of royalties due from defendant to plaintiff "at the rates and in the manner and subject to the terms and conditions specified in the aforesaid standard License" for the period from July 1, 1934, to February, 1937, inclusive, with interest at the rate of 6% per annum, and to ascertain and report the amount of damages suffered by defendant subsequent to December 22, 1934, by reason of the failure of plaintiff to execute and deliver to defendant a standard form of license agreement or by any of the other acts complained of. Hearings before the Master were had and are now proceeding, and the case is before me at this time on a motion of the defendant to instruct the Master as to the admission of certain evidence which defendant wishes to

introduce and to modify certain provisions of the decree of reference.

Defendant contends that it should be permitted at this time to introduce evidence that plaintiff had failed to perform its agreement to prosecute infringers, had refused to defendant the use of its laboratory service, and made settlements with infringers who took licenses in standard form, which were unfair to defendant. In its counterclaim plaintiff made none of the charges which it now wishes to introduce evidence to prove. The only issues that have been presented to either this Court or the Circuit Court of Appeals by defendant were whether defendant was entitled to the standard form of license issued by plaintiff and the measure of the royalty to be paid by it. The evidence is not admissible.

Defendant further claims that it has been damaged by plaintiff's representation as to the effect of the decree entered herein on February 2, 1937, citing Art Metal Works, Inc. v. Abraham & Straus, Inc., 2 Cir., 70 F.2d 641. I am inclined to follow the dissenting opinion of Judge Learned Hand in that case rather than the majority opinion. Furthermore, the remarks of which defendant complains could not, by any possibility, have resulted in pecuniary damage to Zenith.

I am of the opinion that defendant is entitled to have the said decree entered herein modified to permit the defendant to recover damage, if any, it has sustained, by reason of the failure of plaintiff to issue its license to defendant, computed as from July 1, 1934. Plaintiff is entitled to interest on the royalties due.